# Collectively

# Exhibit A

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2022 Sep 23 3:39 PM
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

☒ Lawsuit
☐ Divorce

Docket No. CT- _____ -22

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| ROSALIND ROBINSON | VS | THE TJX COMPANIES, INC. D.B.A. TJ MAXX |

TO: (Name and Address of Defendant (One defendant per summons))

The TJX Companies, Inc. d.b.a. TJ Maxx
CT Corporation Systems
300 Montvue Road
Knoxville, TN 37919-5546

Knox Co.

Method of Service:
☐ Certified Mail
☐ Shelby County Sheriff
☐ Commissioner of Insurance ($)
☐ Secretary of State ($)
☒ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on **Louis P. Chiozza, Jr.** Plaintiff's attorney, whose address is 230 Adams Avenue, Memphis, Tennessee 38103 telephone 901-526-9494 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JAMITA SWEARENGEN / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__.

JAMITA SWEARENGEN, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                            Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                              By: _____
                                                                    Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** ROSALIND ROBINSON VS TJX COMPANIES INC

**Case Number:** CT-3916-22

**Type:** SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 09/26/2022 07:23:00 AM

ELECTRONICALLY FILED
2022 Sep 23 3:39 PM
CLERK OF COURT - CIRCUIT

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHELBY COUNTY

**ROSALIND ROBINSON,**

    **Plaintiff,**

Vs.                                       No. CT-_____-22
                                           Division: _____

**THE TJX COMPANIES, INC.
d/b/a T. J. MAXX,**

    **Defendant,**

## COMPLAINT

Comes now the Plaintiff in the above styled and numbered cause and would state and show unto the Court as follows:

1.    Plaintiff resides in Memphis, Shelby County, Tennessee 38118.

2.    The Defendants, The TJX Companies, Inc. is a corporation doing business in the State of Tennessee. Defendant, The TJX Companies, Inc. operates a chain of stores in Memphis, Shelby County, Tennessee on/or about September 27, 2021. Defendant, The TJX Companies, Inc. owned, operated and maintained The T. J. Maxx store located at 5100 Park Avenue, Memphis, Shelby County, Tennessee 38118. Defendant The TJX Companies, Inc. has named as its designated agent for service of process as C T Corporation Systems, 300 Montvue Road, Knoxville, TN 37919-5546.

3. This is a lawsuit for personal injuries, pain and suffering, permanent disability, loss of income, medical expenses, etc., which occurred on or about September 27, 2021, when the plaintiff, Rosalind Robinson an invitee of T. J. Maxx located at 5100 Park Avenue, Memphis, Tennessee when she tripped and fell on a pallet that was partially laying in the isle within the store. This incident occurred in Memphis, Shelby County, Tennessee, as a result of water and/or slippery substance on floor.

4. On or about August 31, 2021, Plaintiff was a patron or business invitee to the TJ Maxx store located at 5100 Park Avenue, Memphis, Shelby County, Tennessee. She entered the business establishment described hereinabove, and as she was shopping in store she tripped and fell over the edge of a pallet partially laying in the isle within the store from a closed off area of the store. Plaintiff alleges that employees of the Defendant hereinabove were aware the pallet was partially laying in the isle from out of the closed area. Due to lack of appropriate maintenance by the employees of the Defendants herein, the pallet has not been moved out of the walkway, thereby severely injuring left foot and knee.

5. Plaintiff alleges that the Defendant, The TJX Companies, Inc. d.b.a. TJ Maxx hereinabove and/or thru the acts of their agents, servants and/or employees were individually, jointly and severally negligent in the following particulars:

    1. Failing to properly maintain the floors in question.

    2. Failing to properly clean the floors in question.

    3. Allowing the pallet to remain partially laying in the isle within the store;

    4. Failing to provide appropriate warning signs that there was a hazardous condition existing in the isle.

    5. In failing to provide an individual and/or person and/or employee to warn business invitees of a dangerous situation of the pallet partially laying in the isle within the store

    6. In negligently allowing the floor and isle to become cluttered and unsafe.

    7. In hiring incompetent personnel to maintain the floor area of the store in question.

6. Plaintiff alleges that as a result of the above accident, she sustained the following personal injuries.

    a. Left Knee pain.
    b. Left Foot pain
    c. Pain and suffering.

7. Plaintiff alleges that she sustained medical expenses to treat the injuries set out hereinabove. Plaintiff sues for any and all past, present and future medical expenses associated with treatment of medical condition.

8. Plaintiff alleges that the negligence of the Defendant, The TJX Companies, Inc. d.b.a. TJ Maxx individually, jointly, and severally and/or the negligence of the employees of the defendants, individually, jointly, and severally, was the direct and proximate cause of the accident in question and injuries suffered by the Plaintiff.

9.  Plaintiff further alleges she sustained great pain and suffering and loss of enjoyment of life as a result of the injuries and sue for same.

10  Plaintiff alleges she sustained a loss of income and earning capacity due to the injuries sustained in the accident in question.

**WHEREFORE** Plaintiff, Rosalind Robinson, sues the Defendants, The TJX Companies, Inc. d.b.a TJ Maxx for the sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00) damages, actual and compensatory, and demands a jury to try the issues when joined.

Respectfully Submitted,

Louis P Chiozza, Jr.    #8871
230 Adams Avenue
Memphis, TN 38103
Lou@chiozzalaw.com
(901) 526-9494

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
AT MEMPHIS

| | |
|---|---|
| ROSALIND ROBINSON ) | |
| ) | Docket No: CT-3916-22 |
| Plaintiff, ) | |
| ) | |
| v. ) | FILED |
| ) | OCT 21 2022 |
| THE TJX COMPANIES, INC., d/b/a ) | |
| T.J. MAXX, ) | |
| ) | CIRCUIT COURT CLERK |
| Defendant. ) | BY_____ D.C. |

## DEFENDANTS ANSWER TO COMPLAINT

COMES NOW the Defendant, The TJX Companies Inc. d/b/a T.J. Maxx, appearing specially, and for answer to the Complaint avers as follows:

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. The Defendant asserts the defense of the expiration of the statute of limitations.

3. The Defendant is without information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint.

4. It is admitted that The TJX Companies, Inc. operated T.J. Maxx store located at 1500 Park Avenue, Memphis, Tennessee as alleged in Paragraph 2 of the Complaint. The Defendant asserts a claim upon information and belief the defense of insufficiency of process.

5. The allegations in Paragraph 3 of the Complaint as stated are denied.

6. The allegations of Paragraph 4 the Complaint are denied.

7. The allegations in Paragraph 5 of the Complaint are denied.

8. Defendant is without information sufficient to admit or deny as to any alleged injury, damage, or loss suffered by the Plaintiff as alleged in Paragraph 6 of the Complaint and strict proof thereof is demanded.

9. The Defendant is without information sufficient to admit or deny as to the extent of what if any damages that the Plaintiff sustained as alleged in Paragraph 7 of the Complaint and strict proof thereof is demanded.

10. The allegations in Paragraph 8 of the Complaint are denied.

11. The Defendant is without sufficient information as to the extent of Plaintiff's claims of injuries, damages, or losses as alleged in Paragraph 9 of the Complaint and strict proof thereof is demanded.

12. The Defendant is without information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint and strict proof thereof is demanded.

13. Defendant denies that any dangerous condition existed on the premises and as a result there was no duty that could have been reached.

14. It is additionally averred that the Defendant did not create nor was aware of any alleged dangerous condition existing on the premises prior to the alleged incident taking place and that the Defendant is entitled to a dismissal as a matter of law.

15. It is averred upon information and belief that the Plaintiff failed to exercise ordinary care looking out for her own safety as to open and obvious conditions existing in the store and because of his inattentiveness, upon information and belief stepped into a platform apparently causing her to fall. As a result of Plaintiff's negligence is barred under the doctrine of comparative fault.

16. The Defendant asserts that the Plaintiff's alleged damages are not the proximate or legal cause of any alleged conduct or lack of conduct on behalf of the Defendant.

17. Any and all allegations of the Complaint not heretofore admitted, denied, controverted, placed at issue, or otherwise explained are hereby denied as though specifically denied herein.

Now having answered as fully and completely as required by law, this defendant prays to be hence dismissed with the costs to be taxed against the plaintiff and further, the defendants request a jury of twelve (12) to try the issues when joined.

Respectfully submitted,

LUTHER - ANDERSON, PLLP

BY: _____
    ALARIC A. HENRY, BPR# 14885
*Attorneys for TJX Companies*
One Union Square, Suite 700
100 W. Martin Luther King Blvd.
Chattanooga, Tennessee 37402
(423) 756-5034
(423) 265-9903 (fax)
aah@lutheranderson.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following named person(s) with a true and exact copy of the foregoing Answer by placing a true and exact copy of said pleading in the United States Mail, addressed to said counsel at his/her office with sufficient postage thereupon to carry the same to its destination at the following address:

Louis P. Chiozza
230 Adams Avenue
Memphis, TN 38103

This the _21_ day of _august_, 2022.

LUTHER - ANDERSON, PLLP

BY: _____